# EXHIBIT A

 CT Corporation

TO:     FRANCES RIFE
        ALLSTATE INSURANCE COMPANY/CLARKSBURG MC
        6514 MEADOWRIDGE RD
        ELKRIDGE, MD 21075-6115

RE:     **Process Served in District of Columbia**

FOR:    Allstate Indemnity Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Franklin Salvador, Sr. And Franklin Salvador, Jr., Pltfs. vs. Allstate Property And Casualty Insurance Company, et al., Dfts. // To: Allstate Indemnity Company |
| **DOCUMENT(S) SERVED:** | Summons, Order and Addendum, Information Sheet, Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2019CA005279B |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/21/2019 postmarked on 08/19/2019 |
| **JURISDICTION SERVED :** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David E. Tompkins<br>Law Offices of Lewis & Tompkins PC<br>4720 Montgomery Lane #330<br>Bethesda, MD 20814<br>202-296-0666 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780130931851<br><br>Image SOP<br><br>Email Notification,  FRANCES RIFE  ckx70@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1015 15th St NW Ste 1000<br>Washington, DC 20005-2621 |
| **For Questions:** | 202-572-3133 |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

7019 0140 0000 8828 0572

FIRST-CLASS

02 1P        $ 007.30⁰
0002109185    AUG 19 2019
MAILED FROM ZIP CODE 20814

## LEWIS & TOMPKINS, P.C.
ATTORNEYS AT LAW

4720 Montgomery Lane
Suite 330
Bethesda, Maryland 20814

**To:**

Allstate Indemnity Company
Serve:   CT Corporation Services
1015 15th Street, NW #1000
Washington, DC   20005

**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Franklin Salvador, Jr.
_____
Plaintiff

vs.

Case Number   2019 CA 005279 B

Allstate Indemnity Company
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David E. Tompkins
_____
Name of Plaintiff's Attorney

Law Offices of Lewis & Tompkins PC
4720 Montgomery Lane Suite 330
_____
Address
Bethesda, MD 20814

(202) 296−0666
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date          08/14/2019

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

FRANKLIN SALVADOR JR. ET AL.
_____
Demandante

contra

Número de Caso: _____

ALLSTATE INDEMNITY COMPANY
_____
Demandado

## CITATORIO
Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

David E. Tompkins
_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

4720 Montgomery Lane Suite #330
_____
Dirección
Bethesda, MD 20814

Por: _____
Subsecretario

202-296-0666
_____
Teléfono

Fecha 08/12/2019 _____

如需翻译, 请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을원하시면(202) 879-4828 로전화하십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

FRANKLIN SALVADOR Sr et al
Vs.                                                      C.A. No.        2019 CA 005279 B
ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY et al
## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:  August 14, 2019
Initial Conference: 9:30 am, Friday, November 15, 2019
Location:  Courtroom 100
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

Filed
D.C. Superior Court
08/19/2019 05:03PM
Clerk of the Court

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
## INFORMATION SHEET

*Franklin Salvador, Sr. etal*

Case Number: __2019 CA 005279 B__

vs

*Allstate Property and Casualty Insurance Company et. al*

Date: __8-13-19__

☐ One of the defendants is being sued
in their official capacity.

Name: *(Please Print)* __David Earl Tompkin__

Firm Name: __Lewis + Tompkin P.C.__

Telephone No.: __201-296-0666__   Six digit Unified Bar No.: __457632__

Relationship to Lawsuit

☑ Attorney for Plaintiff

☐ Self (Pro Se)

☐ Other: _____

TYPE OF CASE: ☐ Non-Jury   ☑ 6 Person Jury   ☐ 12 Person Jury

Demand: $ __4 million , $25,000__   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

### A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

#### COLLECTION CASES

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
　　Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
　　Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
　　Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
　　Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
　　Under $25,000 Consent Denied

---

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

---

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
　　Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
　　Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☑ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE _____   IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

## II.

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
   Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

☐ 21 Petition for Subpoena
   [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

## D. REAL PROPERTY

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
**Attorney's Signature**

8-13-19
_____
**Date**

CV-496/ June 2015

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| FRANKLIN SALVADOR, SR.<br>608 Jefferson Street NW Apt. B-2<br>Washington, DC   20011-7729<br><br>AND<br><br>FRANKLIN SALVADOR, JR.<br>608 Jefferson Street NW Apt. B-2<br>Washington, DC   20011-7729<br><br>Plaintiffs<br><br>vs.<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>serve: CT Corporation<br>1015 15th Street, NW #1000<br>Washington, DC 20005<br><br>and<br><br>ALLSTATE INSURANCE COMPANY<br>serve: CT Corporation<br>1015 15th Street, NW #1000<br>Washington, DC 20005<br><br>and<br><br>ALLSTATE INDEMNITY COMPANY<br>serve: CT Corporation<br>1015 15th Street, NW #1000<br>Washington, DC 20005<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case no.  2019 CA 005279 B<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CLASS ACTION COMPLAINT
(Negligence - Damages - Personal Injuries
Uninsured Motorist Claim - Violation of The Consumer Protection Procedures Act)

Jurisdiction lies in this Court pursuant to D.C. Code § 13-423 (2012).  The amount in

-2-

controversy exceeds $10,000.00.

## FACTUAL BACKGROUND APPLICABLE
## TO ALL PLAINTIFFS (Rule 23-I(a), S. Ct. of D.C.)

1. The present action is being brought upon behalf of the plaintiffs and upon behalf of an as yet unknown number of policyholders and beneficiaries of motor vehicle liability insurance policies sold, delivered, and interpreted pursuant to the laws of the District of Columbia, by Allstate Property and Casualty Insurance Company, Allstate Insurance Company, and Allstate Indemnity Company (herein "Allstate" or "defendants").

2. Any motor vehicle liability insurance policy sold within the District of Columbia since September 18, 1982, unless otherwise exempted by applicable law, requires mandatory uninsured motorist protection in the amounts of not less than $25,000.00, per person injured in any one accident, or $50,000.00, for all persons injured in any one accident, and coverage for property damage in an amount of $5,000.00 for property damage in any one accident, for the protection of persons insured pursuant to said policies who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. (§31-2406, District of Columbia Code).

3. The rationale for mandatory uninsured motorist protection was a Finding by the District of Columbia City Council that at the time of enactment of the "Compulsory/No-Fault Motor Vehicle Insurance Act of 1982", "approximately 40% of the operators [of motor vehicles] in the District do not maintain any motor vehicle insurance or have other financial resources to pay losses" (§31-2401(a)(2)(B), D.C. Code).

4. The purpose of the uninsured motorist coverage is to permit recovery of damages by injured persons from their own insurers when it an allegedly responsible motorist lacks

-3-

insurance, or in the instance of a "hit and run" accident, where the allegedly responsible party

cannot be identified.

5.      The named plaintiffs, and all class members whom they seek to represent, either

purchased uninsured motorist coverage from Allstate as part of their motor vehicle insurance

contract with defendants, or were beneficiaries of said policies.

6.      Named Plaintiff Franklin Salvador, Jr. was involved in an accident with an

uninsured or unidentified tortfeasor on or about August 16, 2016.   At the time, he was the

beneficiary of an automobile policy issued to his father, Plaintiff Franklin Salvador, Sr.,

7.      When Plaintiffs sought the uninsured motorist benefits to which they were entitled

under the applicable Allstate policy, Allstate accepted coverage, but denied the full benefit, and

intentionally, maliciously, and wantonly refused to promptly and fairly provide uninsured motorist

benefits to Plaintiffs, requiring them instead to retain counsel and institute expensive and time

consuming litigation in order to protect their rights.

8.      By information and belief, defendants continue to engage in unfair

and deceptive business practices and deal unfairly and unreasonably with injured policyholders

and their insured family members who seek uninsured motorist benefits.

## CLASS ACTION ALLEGATIONS

9.      Plaintiffs bring this action on their own behalf, and on behalf of a class of persons

defined as follows pursuant to Rule 23-I(a), Superior Court of D.C. - Civil Rules:

All District of Columbia Allstate policyholders or their beneficiaries who: (1) since August 13,
2016; (2) made a claim for uninsured motorist benefits with Allstate which was not paid in full;
and   (3) that included a claim for bodily injury.

-4-

a) .    Upon information and belief, the class is so numerous that joinder of all of the members in a single action would be impracticable.    By information and belief, members number in the hundreds, and perhaps in the thousands, the identities of the class members are naturally known to defendants.

b)    There are questions of law and fact common to the class, which include, but are not necessarily limited to all of the factual allegations as set forth *supra*, but include and are not limited to a common plan or scheme of unnecessarily and repeatedly utilizing   vexatious and unreasonable delays in settling claims, advertising at length, locally as well as nationally, with misleading and factually incorrect allegations which tend to deceive and mislead.

c)    The named plaintiffs, are adequate representatives of the interests of the class members in that they will vigorously pursue this action on behalf of the entire class, they have no conflict of interest among those who will constitute the class, and their interests are completely consistent with those of the class, and they have retained counsel experienced in class cases.

d)    Questions of law and fact claimed to be common to the class include, but are not limited to the standard uninsured motorist claim handling procedures and processes by which Allstate causes vexatious and unreasonable delays by its refusal to promptly, reasonably, and fully compensate injured parties who are entitled to receive uninsured motorist benefits.

## COUNT I

10.    On or about August 15, 2016, at about 9:00 P.M., plaintiff, Franklin Salvador Jr., was a passenger in a motor vehicle operated by Javier Vivar.

11.    Franklin Salvador Jr.'s date of birth is February 1, 1997, making him nineteen (19) years of age old on August 15, 2016.

12.    On that date at that time, while Franklin Salvador, Jr. was a passenger in the vehicle

-5-

driven by Javier Vivar, Mr. Vivar operated the vehicle in a negligent manner, causing a severe collision between Mr. Vivar's vehicle and a fire truck.

13.     That as a result of the negligence and carelessness of Javier Vivar, plaintiff, Franklin Salvador Jr. sustained serious, multiple and painful injuries, including but not necessarily limited to injuries to his chest and back.

14.     That plaintiff, Franklin Salvador Jr., has been required to expend large sums of money for his necessary medical care, will in the future be required to expend large additional sums of money for his continuing necessary medical care and treatment, he has suffered permanent injuries as a result of the subject collision, and will be further precluded from pursuing his usual occupation.

15.     At the time of this collision, Javier Vivar, the driver of the at-fault vehicle, has had inadequate automobile insurance to pay damages to all of the severely injured passengers in his car, including plaintiff Franklin Salvador, Jr.   Mr. Vivar's vehicle had only an automobile insurance policy liability limit of $50,000.00 in benefits.

16.     Javier Vivar's insurer tendered its policy limits of $50,000.00 to be divided among various seriously injured individuals.

17.     Franklin Salvador's portion of the Javier Viviar policy benefits was $3,750.00.

18.     Defendants agreed, in writing, to allowing Franklin Salvador Jr. to settle with Javier Vivar, and pursue a claim against defendants directly for uninsured motorist benefits pursuant to District of Columbia Insurance Article §31-2407.01.

19.     That at the time of the said collision, there was an automobile liability insurance policy in effect with a resident relative of Franklin Salvador, Jr., that being his father Plaintiff Franklin Salvador, Sr.

-6-

20.     That the policy of insurance between Franklin Salvador Sr. and defendants among other things provided for the mandatory uninsured motorist coverages which would provide coverage for Franklin Salvador Jr. as a resident relative under the circumstances presented in the instant matter.

21.     That at the time of the said collision, and at the present time, defendants sold, and continue to sell insurance within the District of Columbia. Plaintiff Franklin Salvador, Jr. sustained more than $19,793.05, in medical expenses, with a maximum uninsured benefit of $25,000.00.   He made a claim with the defendants, in accord with the policy then being in effect, for benefits pursuant to the uninsured motorist provisions contained in said policy; defendants failed and refused to reasonably compensate plaintiff for his serious and multiple injuries and damages.

WHEREFORE, plaintiffs, Franklin Salvador Jr. and Franklin Salvador, Sr., demand judgment against the defendants in the sum of **TWENTY FIVE THOUSAND ($25,000.00) DOLLARS**, plus interest from the date of Judgment, and the costs of this action, on behalf of himself, and damages in an unknown amount but expected to exceed FOUR MILLION DOLLARS ($4,000,000.00) on behalf of the class defined herein.

## COUNT II

22.     Allstate Property and Casualty Insurance Company, Allstate Insurance Company and Allstate Indemnity Company (herein "Allstate" or "defendants") by information and belief, sell automobile liability insurance, which includes uninsured motorist benefits as are being claimed herein, within the District of Columbia.

23.     Defendants regularly advertise the sale of automobile liability insurance policies in the District of Columbia and elsewhere.

-7-

24.     By information and belief, Allstate has not divulged to the purchasing public, and to the plaintiffs herein in particular, that Allstate engages in a course of action designed to specifically deny and/or delay timely and full uninsured motorist benefits to the plaintiffs and those similarly situated.

25.     Defendants have not informed plaintiffs and others similarly situated, that if a policyholder or a resident relative was so unfortunate as to become involved in an uninsured motorist claim with defendants that the claimant would be required to retain counsel and fully litigate his claims to a likely trial before a jury in order to attempt to collect benefits to which they are entitled.

26.     To the contrary, defendants have engaged in misleading advertising campaigns designed to encourage plaintiffs, and others, to purchase automobile liability insurance in compliance with applicable District of Columbia Law, including required uninsured motorist provisions, knowing that in the event of the assertion of a claim, as was done herein, that defendants would unfairly make the process as onerous as possible in the apparent attempt to discourage plaintiffs and/or delay reasonably prompt resolution of a lawful claim for benefits.

27.     Plaintiffs assert that defendants' "claim handling process" of his claims and others similarly situated was, is, and remains totally nonexistent and obstructionist for all victims of uninsured motorists' negligent acts.

28.     Defendants failed to advise plaintiffs herein, and other similarly situated, at the time of the purchase of their respective policies of insurance, or at any time thereafter, that in the event they submitted an uninsured motorist claim that eventually the particulars would be submitted to a computer, known as "Colossus", which would produce an evaluation of plaintiffs' claim to such a low value as to essentially require plaintiffs to face the vagaries of a jury trial in

-8-

order to attempt to obtain benefits for which they had paid a premium, or be forced to accept a settlement of their claim for a sum less than the value of their accumulated medical expenses.

29.     That as a result of the foregoing unfair and deceptive trade practices enumerated herein, and such others as may be disclosed upon conducting discovery herein, plaintiffs, and other similarly situated, have sustained damages in violation of §28-3904, District of Columbia Code, in among other things, defendants' failure to state material facts which mislead plaintiffs.

30.     Defendants failed to advise the plaintiffs, and others similarly situated, that in the event she sustained an uninsured motorist loss, that unless the value of the claim was $10,000.00, or less in the District of Columbia, which would qualify as a "Small Claim", that they would be required to engage in complete litigation of their claim, requiring extensive pre-trial proceedings and an eventual jury trial.

31.     Defendants failed to advise plaintiffs, and others similarly situated, at the time of their purchase of their insurance policy that it would subvert the processes of the Superior Court of the District of Columbia by failing to engage in any meaningful alternative dispute resolution processes as devised by the Court to expeditiously resolve their claim, preferring instead to burden the plaintiff with the costs of litigation as well as time and significant effort to litigate a claim, wasting the time and resources of the Court as well.

32.     Defendants failed to advise the plaintiffs, and other similarly situated, at the time of their purchase of their insurance policies, that Allstate then had, and continues now to have, a corporate policy in effect often extending low offers of settlement and if the claimant insists that he/she is being treated unfairly and refuses to accept same, it adopts a "scorched earth litigation tactic" that forces their own injured policy holders, such as plaintiffs herein, to engage in expensive and burdensome litigation.

-9-

33.     Defendants have "home offices" in Northbrook, Illinois, and although they may well be "separate companies", they are, in fact, associated companies of "Allstate Insurance Corporation", or "Allstate Indemnity Company" or "Allstate Property and Casualty Insurance Company," with no separate parallel workforce; the same adjusters that handle uninsured motorist claims for the "Allstate Insurance Company" handle claims for "Allstate Indemnity Company" and ""Allstate Property and Casualty Insurance Company."    Claims for uninsured motorist benefits are in no way processed differently if they are claimants for benefits insured by "Allstate Insurance Corporation" or "Allstate Indemnity Company" or "Allstate Property and Casualty Insurance Company."    All of the claims information stored and processed by "Allstate Insurance Corporation," "Allstate Indemnity Company," and "Allstate Property and Casualty Insurance Company," are stored in the same computer database.

WHEREFORE, in accord with §28-3905(k)(1)(B), (C), and (D) District of Columbia Code, plaintiff demands of all defendants herein, joint and severally:

a)      Actual damages for each member of the class for delaying payments or denial of the payment of benefits;

b)      Treble damages for each class member of the certified class, or $1,500 per class member, whichever is greater;

c)      Reasonable attorney's fees in conjunction with the instant litigation;

d)      Punitive or exemplary damages in an amount as may be deemed appropriate at trial, plus interest from the date of Judgment, and the costs of this action; and,

e)      Such other and further relief which this Honorable Court deems just and proper pursuant to §28-3905(k)(1)(D) and (E) District of Columbia Code.

-10-

SACKS & CHAPIN, P.C.


/s/ Pete Chapin


PETER A. CHAPIN,    #002030
Attorney for Plaintiffs
4720 Montgomery Lane #330
Bethesda, MD 20814
(202) 659-1200
pac@sacksandchapin.com


LEWIS & TOMPKINS, P.C.


/s/ David Tompkins


DAVID E. TOMPKINS,    #457632
Attorney for Plaintiffs
4720 Montgomery Lane #330
Bethesda, MD 20814
(202) 296-0666
dtompkins@lewisandtompkins.com


GOLDMAN & MINTON, P.C.


/s/ Thomas Minton


THOMAS J. MINTON,    #367124
Attorney for Plaintiffs
3600 Clipper Mill Rd., Suite 201
Baltimore, MD 21211
(410) 783-7575
tminton@charmcitylegal.com

-11-

## JURY DEMAND

Plaintiffs elect trial by a jury of six (6) persons of all issues involved herein.

/s/ David Tompkins

DAVID TOMPKINS,
Attorney for Plaintiffs